IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIZA VALIDO-SHADE and<br>TIM SHADE, W/H<br><br>        Plaintiffs,<br><br>    v.<br><br>WYETH, LLC; WYETH PHARMACEUTICALS,<br>INC.; and WYETH-AYERST INTERNATIONAL<br>INC.,<br><br>        Defendants. | Case No. _____ |

## DEFENDANT WYETH LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wyeth LLC[1] (improperly sued as "Wyeth, LLC") ("Wyeth"), hereby gives notice of removal of this action, entitled *Valido-Shade, et al. v. Wyeth, LLC, et al.*, bearing Case ID 120500284, from the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division (the "Philadelphia County Action"), to the United States District Court for the Eastern District of Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of Plaintiffs' Civil Action Complaint – Short Form is attached hereto as "Exhibit A" and Plaintiffs' Master Long Form Complaint in *In Re*: "Fen-Phen" Litigation in Philadelphia County Court of Common Pleas, filed as of May 17, 1999 under Master Docket No., May Term 1999, No. 0001, which

---

[1] On June 30, 2001, Wyeth-Ayerst Laboratories Company merged into AHP Subsidiary Holding Corporation. On March 11, 2002, American Home Products Corporation ("AHPC") changed its name to Wyeth. On January 31, 2007, AHP Subsidiary Holding Corporation merged into Wyeth. On November 9, 2009, Wyeth converted from a Delaware corporation to a Delaware limited liability company and is now known as Wyeth LLC. Wyeth Pharmaceuticals Division of Wyeth (formally known as Wyeth-Ayerst Laboratories Division of American Home Products Corporation) is an unincorporated division of Wyeth LLC and, therefore, is not amenable to suit.

Plaintiffs incorporated by reference into their Short Form Complaint, is attached hereto as "Exhibit B."

As grounds for removal, Wyeth states as follows:

## I. INTRODUCTION

1. This action is a pharmaceutical product liability case in which Plaintiffs Liza Valido-Shade and Tim Shade ("Plaintiffs") allege that Ms. Valido-Shade sustained personal injuries as a result of ingesting prescription diet drugs Pondimin® (also known as fenfluramine), Redux™ (also known as dexfenfluramine), and/or phentermine. *See* Ex. A ¶ 4. Pondimin often was prescribed in conjunction with another medication, phentermine, in a combination commonly referred to as "phen/fen," prior to the voluntary withdrawal of Pondimin from the consumer market in September 1997. *See e.g., Id.* ¶ 4. Plaintiff Liza Valido-Shade asserts that she was diagnosed with Pulmonary Arterial Hypertension ("PAH") in May 2010 as an alleged result of using prescription diet drugs manufactured by Wyeth. *Id.* ¶ 6.a.

2. The Judicial Panel on Multidistrict Litigation ("JPML") has consolidated pretrial proceedings for personal injury claims involving diet drugs pursuant to 28 U.S.C. § 1407 in the United States District Court for the Eastern District of Pennsylvania. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834 (J.P.M.L. 1997). Because Plaintiffs allege personal injuries resulting from ingestion of diet drugs, this case should be assigned to Multidistrict Litigation 1203 in accordance with Rule 7.2(a) OF RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

## II. REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

3. Plaintiffs commenced the Philadelphia County Action on May 8, 2012, by filing a Complaint in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia

County, Civil Trial Division, against named defendants Wyeth LLC, Wyeth Pharmaceuticals Inc., and Wyeth-Ayerst International Inc.

4. No Defendant has yet been served with Plaintiffs' Summons and Complaint. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

5. No further pleadings have been filed, and no proceedings have yet occurred in the Philadelphia County Action.

6. Removal to this District is proper because the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division is within the District Court for the Eastern District of Pennsylvania. 28 U.S.C. §§ 1441(a), 1446(a).

7. Defendants base their removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III. STATUTORY BASIS FOR JURISDICTION

8. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

#### A. Complete Diversity Exists Between the Parties

9. Plaintiff Liza Valido-Shade is a citizen of the State of Illinois. *See* Ex. A ¶ 1.

10. Plaintiff Tim Shade is a citizen of the State of Illinois. *See* Ex. A ¶ 1.

11. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 370 (E.D. Pa. 2011); *see also Zambelli Fireworks Mfg.*

*Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (stating that every circuit court to have considered the issue has held that the citizenship of a LLC is determined by the citizenship of its members, and joining in that holding).

12. Defendants are all alleged to be citizens of states other than Illinois. *See* Ex. B ¶¶ 2-4.

13. Defendant Wyeth LLC is a limited liability company organized under Delaware law. The sole member of Wyeth LLC is Pfizer LLC. Pfizer LLC's sole member is Pfizer Inc. Pfizer Inc. is a Delaware corporation with its principal place of business in the State of New York. Defendant Wyeth LLC is, therefore, a citizen of both the State of Delaware and the State of New York.

14. Defendant Wyeth Pharmaceuticals Inc. (formally known as Wyeth-Ayerst Pharmaceuticals, Inc.)[2] is a Delaware corporation with its principal place of business in the Commonwealth of Pennsylvania. Wyeth Pharmaceuticals Inc. is, therefore, a citizen of both the State of Delaware and the Commonwealth of Pennsylvania.

15. Defendant Wyeth-Ayerst International, Inc. is a New York corporation with its principal place of business in the Commonwealth of Pennsylvania. Wyeth-Ayerst International, Inc. is, therefore, a citizen of both the State of Delaware and the Commonwealth of Pennsylvania.

16. Because Plaintiffs and Defendants are citizens of different states, there is complete diversity of citizenship for jurisdiction purposes.

---

[2] On January 1, 1999, Wyeth Laboratories Inc. merged into Ayerst Laboratories, Inc. The surviving company was Ayerst Laboratories, Inc., the name of which was changed to Wyeth-Ayerst Pharmaceuticals Inc. On March 22, 2002, the name of Wyeth-Ayerst Pharmaceuticals Inc. changed to Wyeth Pharmaceuticals Inc.

### B. The Amount in Controversy Requirement is Met

17. Plaintiffs allege that Plaintiff Liza Valido-Shade suffers from PAH as a result of her ingestion of diet drugs Pondimin®, Redux™, and/or phentermine, and seek all compensatory and punitive damages to which they are entitled under applicable law. *See Id.* ¶¶ 123-138.

18. Given the nature and extent of Plaintiffs' alleged injuries and damages, Plaintiffs' Complaint places at issue more than $75,000, exclusive of interest and costs. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2000 WL 556602, at *3 (E.D. Pa. Apr. 25, 2000) (concluding that "it is more likely than not that the jurisdictional amount is exceeded" given that plaintiffs' alleged serious injuries include primary pulmonary hypertension or valvular heart disease and "there is no doubt that if plaintiff is successful, a reasonable jury likely could find damages in excess of the jurisdictional amount").

19. Plaintiffs' claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### C. Removal is Proper Because No Forum Defendant Has Been Served with Process

20. Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the Commonwealth of Pennsylvania, the state in which this action was brought (a "forum defendant"). *See* 28 U.S.C. § 1441(b) (providing that non-federal question cases "shall be removable only if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which the action is brought") (emphasis added).

21. No Defendant, including any forum defendant, has been served. Removal is proper where there is complete diversity, but no forum defendant has been served. Although there is a split in this Circuit regarding this position[3], numerous courts have held that a non-forum defendant may remove an action prior to proper service of a forum defendant. Relying on the language of Section 1441(b), in *Copley* v. *Wyeth, Inc.*, the United States District Court for the Eastern District of Pennsylvania denied plaintiff's motion for remand where a properly joined and served non-forum defendant removed the action before the alleged forum defendant had been properly joined and served. 2009 WL 1089663, at * 3 (E.D. Pa. Apr. 22, 2009); *see also Vanderwerf v. GlaxoSmithKline, PLC*, No. 05-1315, 2005 WL 6151369, at *1 (E.D. Pa. May 5, 2005); *Hutchins* v. *Bayer Corp.*, No. 08-640, 2009 WL 192468, at *11 (D. Del. Jan. 23, 2009); *Thomson v. Novartis Pharms. Corp.*, No. 06-6280 (JBS), 2007 WL 1521138, at *4 (D.N.J. May 22, 2007).

22. Congress recently enacted legislation reaffirming that an action may be removed on the basis of diversity jurisdiction when a forum defendant is not properly joined or served at the time of removal. The "Federal Courts Jurisdiction and Venue Clarification Act of 2011" amended the removal and remand procedures in 28 U.S.C. § 1441, but retained the language in section 1441(b) that bars removal only if any "of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 § 103, 125 Stat. 758, 760 (2011) (emphasis added).

---

[3] *See, e.g., In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, 624 F.Supp.2d 396, 410 (E.D. Pa. 2009).

23. In the present case, because Plaintiffs have not served any Defendant, any such Defendant's purported residence in Pennsylvania is not an impediment to removal under 28 U.S.C. § 1441(b).

## IV. NOTICE IS BEING SENT TO PLAINTIFFS AND FILED IN STATE COURT

24. Pursuant to 28 U.S.C. § 1446(d), Wyeth LLC shall give Plaintiffs written notice of the filing of this Notice of Removal.

25. Pursuant to 28 U.S.C. § 1446(d), Wyeth LLC shall file the written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Wyeth LLC hereby gives notice that the above entitled state court action, formerly pending in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division, has been removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Raymond M. Williams, Esq.
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103-7300
Phone: (215) 656-3300
Fax: (215) 656-3301
Email: raymond.williams@dlapiper.com

Dated: May 9, 2012

*Attorneys for Defendant Wyeth LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2012, a true and correct copy of the foregoing has been sent to counsel listed below via U.S. Mail.

Thomas R. Kline, Esq.
Lee B. Balefsky, Esq.
Michelle L. Tiger, Esq.
KLINE & SPECTER
1525 Locust Street
Philadelphia, PA  19102

James D. Sill, Esq.
Matthew J. Sill, Esq.
Katie Eidson-Griffin, Esq.
SILL LAW GROUP PLLC
14005 N. Eastern Ave.
Edmond, OK  73013
*Attorneys for Plaintiffs*

_____
Raymond M. Williams, Esq.