IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: ) ) ) | |
| LIZA VALIDO-SHADE, et al. ) ) | |
| v. ) ) | |
| WYETH, LLC, et al. ) ) | CIVIL ACTION NO. 12-20003 |

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8910

Bartle, J.                                                    July 10, 2012

        Plaintiffs, Liza Valido-Shade and Tim Shade, originally

filed this action against defendants, Wyeth, LLC, Wyeth

Pharmaceuticals, Inc., and Wyeth-Ayerst International, Inc., in

the Court of Common Pleas of Philadelphia County as a result of

injuries suffered from Ms. Valido-Shade's ingestion of the diet

drug Fen-Phen.  Defendant Wyeth LLC timely removed the action to

this court under 28 U.S.C. § 1446 based on diversity of

citizenship and the requisite amount in controversy under 28

U.S.C. § 1332(a).  Plaintiffs followed with the pending motion to

remand.

        There is no dispute that subject matter jurisdiction

exists since all the requirements of § 1332(a) have been

satisfied.  Plaintiffs are citizens of Illinois.  Wyeth, LLC is a

citizen of Delaware and New York,[1] while Wyeth Pharmaceuticals, Inc. and Wyeth-Ayerst International, Inc., are citizens of Pennsylvania where each has its principal place of business.[2] Plaintiffs contend, however, that removal from the state court is barred under the forum defendant rule because two of the defendants are citizens of the Commonwealth, the forum state. Under 28 U.S.C. § 1441(b),

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.</u>[3]  (emphasis added)

Plaintiffs concede that Wyeth Pharmaceuticals, Inc., and Wyeth-Ayerst International, Inc., both Pennsylvania citizens, had not been served with the complaint when removal took place. Nonetheless, they argue that removal was improper under § 1441(b) because Wyeth, LLC did so before it had been served.  Wyeth, LCC counters that it properly removed the action because the statute

---

1.  Wyeth LCC is a limited liability company organized under Delaware law.  Its sole member is Pfizer, Inc. which is incorporated in Delaware and has its principal place of business in New York.  See <u>Boyer v. Wyeth Pharm., Inc., et al.</u>, No. 12-739, 2012 WL 1449246, at *1 (E.D. Pa. Apr. 26, 2012).

2.  Wyeth Pharmaceuticals, Inc. is incorporated in Delaware, and Wyeth-Ayerst International, Inc. is a New York corporation.

3.  This section has now been amended, effective January 6, 2012. The amended section applies to actions commenced on or after that date.  No substantive change was effected with respect to the language of concern to the court here.

allows removal whether or not an out-of-state defendant had been served as long as removal precedes service on the two Pennsylvania defendants.

There is a line of cases which prohibits removal under § 1441(b) when the out-of-state defendant removes the action with an unserved in-state defendant before the out-of-state defendant has been served with the complaint. See, e.g., In re Advandia Mktg., 624 F. Supp. 2d 396, 409-11 (E.D. Pa. 2009); Sullivan v. Novartis Pharm Corp., 575 F. Supp. 2d 640, 641-47 (D.N.J. 2008). Generally, these cases reason that the intent of Congress is thwarted if an out-of-state defendant, on the mere notice of the filing of a complaint from monitoring the state court's docket electronically, can race to the federal courthouse with a notice of removal before an in-state defendant is served. This result, it is said, undermines the Congressional purpose of limiting removal of cases where there is an in-state defendant, creates a giant loophole to the bar against removal under these circumstances, and inhibits a plaintiff's choice of forum.

These cases essentially conclude that the underlying intent of Congress trumps the statutory language that removal is prohibited only if at the time of removal an in-state defendant has been "properly joined and served." While these decisions talk in terms of Congressional intent, none that we have found actually references any specific legislative history, committee reports, or debates in support of that position. Instead, they merely conclude that allowing removal as occurred here would be "bizarre or absurd." See, e.g., Sullivan, at 646.

-3-

Another line of cases reaches a contrary result. They allow an out-of-state defendant to remove a case with an in-state defendant, without regard to whether the out-of-state defendant has been served, as long as removal occurs prior to service on the in-state defendant. See, e.g., Boyer v. Wyeth Pharm., Inc., et al., No. 12-739, 2012 WL 1449246, at *2-3 (E.D. Pa. Apr. 26, 2012); Hutchins v. Bayer Corp., No. 08-640, 2009 WL 192468, at *6 & *11 (D. Del. Jan. 23, 2009). These cases rely on the plain meaning of § 1441(b) which states that a civil action where jurisdiction is based solely on § 1332(a) may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added). The statute contains no language that the out-of-state defendant removing the action must first have been served with the complaint.

We agree with the second line of cases. While "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987), strict construction does not override the unambiguous and plain language of § 1441(b). Hutchins, 2009 WL 192468, at *11 (citing In re Mehta, 310 F.3d 308, 311 (3d Cir. 2002)). Again, there is simply no statutory requirement that the removing defendant must first have been served with the complaint.

The out-of-state defendant is in effect waiving service of process when it removes an action before being served. We do

-4-

not consider this result either bizarre or absurd. Waiver of service of process is encouraged. Under Rule 4(d) of the Federal Rules of Civil Procedure, a defendant "has a duty to avoid unnecessary expenses of serving the summons" by waiving service when requested by plaintiff. Fed. R. Civ. P. 4(d). This is consistent with Rule 1 which states that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[4] Fed. R. Civ. P. 1. Furthermore, waiver of service surely can occur without a request from the plaintiff. Absent a specific prohibition in a statutory or procedural rule, we see nothing to prevent a defendant, upon mere notice of the filing of a complaint, from promptly filing, for example, an answer or a motion to dismiss before the complaint has been formally served. A defendant may choose to do so when a plaintiff seeks a temporary restraining order or a preliminary injunction and the need for speed is paramount. If a defendant may waive formal service in these circumstances, it cannot be contrary to law for a defendant to remove an action after notice of the filing of the complaint but before service on it.

There is significant authority in this District that removal is proper in a diversity case with in-state and out-of-state defendants at least when removal occurs after the out-of-state defendant has been served and before the in-state defendant has been served. Banks v. Kmart Corp., No. 12-607, 2012 WL

_____

4. Congress, of course, always has the opportunity to veto any rule before it becomes effective. See 28 U.S.C. § 2074.

707025, at *2 (E.D. Pa. Mar. 6, 2012); Copley v. Wyeth, Inc., No.
09-722, 2009 WL 1089663, at *2-3 (E.D. Pa. Apr. 22, 2009);
Vanderwerf v. GlaxoSmithKline PLC, No. 05-1315, 2005 WL 6151369,
at *1 (E.D. Pa. May 5, 2005).  If the out-of-state defendant may
remove a case after it is served and before the in-state
defendant is served, we again see nothing bizarre or absurd when
an out-of-state defendant which has received a copy of the
complaint removes the action before both it and an in-state
defendant are served.

The removal of diversity actions from the state to the
federal courts is of ancient lineage.  It was first authorized in
the Judiciary Act of 1789, although admittedly limited to the
situation where the defendant was an out-of-state citizen.
Judiciary Act of 1789, ch. 20, § 12, 1 Stat. 73, 79-80 (1789).
Since diversity jurisdiction and the right of removal exist to
protect out-of-state defendants from local prejudice, it was
thought that removal by in-state defendants was not needed.  See
Allen v. GlaxoSmithKline PLC, No. 07-5045, 2008 WL 2247067, at *4
(E.D. Pa. May 30, 2008) (citing Lively v. Wild Oats Mkts., Inc.,
456 F.3d 933, 939 (9th Cir. 2006)).

Nonetheless, language allowing removal of a diversity
action with both out-of-state and in-state defendants before the
in-state defendant was served was added in 1948 to what is now
§ 1441(b).  Act of June 25, 1948, ch. 646, § 1441, 62 Stat. 73,
937-38 (1948).  It expands the right of removal beyond what had
previously existed and thus acts as a restriction on plaintiff's
choice of forum.  This amendment was designed to allow removal

-6-

where a plaintiff simply named an in-state defendant to preclude removal and had no intention of serving or pursuing that defendant in the lawsuit.  See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).  To thwart this maneuver on the part of a plaintiff, Congress appears to have made a policy determination for a bright-line rule that allows removal before an in-state defendant has been served, that is during a period when it cannot be determined, from an objective viewpoint, that a plaintiff intends to effect service on and litigate against the in-state defendant and that the plaintiff did not simply name the in-state defendant in an attempt to prevent removal.  The inability to make this determination as to plaintiff's objective intent before the in-state defendant has been served is the same whether the out-of-state defendant has been served or only has notice of the filing of the complaint.  Id.; see also In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

        We acknowledge that under the plain meaning of § 1441(b) an out-of-state defendant, by monitoring state court dockets electronically or otherwise, can dash to the federal courthouse almost immediately with a notice of removal before the complaint is served on it and on an in-state defendant.  As a consequence of advances in technology, there may well be fewer diversity actions precluded from removal under § 1441(b) than heretofore.  If this result is deemed to be bad public policy, the remedy lies with Congress which, subject to constitutional

limitations, controls the scope of this court's subject matter jurisdiction and any right of removal.

The motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County will be denied.